# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DR. HANSEL M. DeBARTOLO,   )<br>                              )<br>     Plaintiff,              )<br>                              )<br>     v.                       )<br>                              )<br>HEALTH AND WELFARE           )<br>DEPARTMENT OF THE            )<br>CONSTRUCTION AND GENERAL     )<br>LABORERS' DISTRICT COUNCIL   )<br>OF CHICAGO AND VICINITY,     )<br>                              )<br>     Defendant.               ) | 09 CV 0039<br><br>Magistrate Judge<br>Maria Valdez |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Supplemental Attorney's Fees and Costs [Doc. No. 121]. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, Defendant's Motion is granted.

**BACKGROUND**

Previously this Court awarded fees to Defendant based on the work its attorneys performed in the case up until August 23, 2010 and explained that there was "no doubt that the Defendant achieved 'some degree of success on the merits'[1] as [summary judgment was decided] in the Defendant's favor on all of the Plaintiff's claims." Mem. Op. & Order [Doc. No. 90, p. 2]. Additionally, this Court determined that an award of attorney's fees was warranted because Plaintiff's lawsuit was not substantially justified.[2] [*Id.* pp. 7-10]. This analysis remains sound. Defendant's instant motion seeks fees based upon work performed in the case after August 23, 2010. The work includes time spent complying with Local Rule 54.3, compelling the production of various settlement agreements, preparing the initial fee petition and corresponding memoranda, preparing a revised billing statement, moving to amend the Court's April 18, 2011 order, enforcing the initial fee award, responding to

---

[1] Under Section 502(g) of the Employee Retirement Income and Security Act (ERISA) in an action by a participant, beneficiary or fiduciary, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C.§ 1132 (g)(1). In *Hardt v. Reliance Standard Life Insurance Co.*, the Supreme Court recently interpreted ERISA's fee shifting provision, holding that a court may award fees to an ERISA litigant if they have achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Insurance Co.*, 130 S.Ct. 2149, 2157-2158 (2010).

[2] As explained in this Court's March 28, 2011 order, this circuit has recognized two tests for analyzing whether attorney fees should be awarded to a party in an ERISA case. Mem. Op. & Order [Doc. No. 90, pp. 2-5]; *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 339 (7th Cir. 2004). "In any event, both tests essentially ask the same question: 'was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998) (quoting Hooper v. Demco, Inc., 37 F.3d 287, 294 (7th Cir. 1994)), *quoted in Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical Coll. of Wis., Inc.*, 657 F.3d 496, 506 (7th Cir. 2011).

Plaintiff's motion to quash, responding to Plaintiff's motion to bar the instant motion, and preparing the instant motion.

## **DISCUSSION**

The district court has considerable discretion in determining the appropriate amount of a fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 551 (7th Cir. 1999). The fee applicant has the burden to demonstrate to the Court that their attorneys' hourly rates and time expenditures are reasonable. *See Hensley*, 461 U.S. at 437. "In determining the reasonable number of hours, [a] court should exclude hours that are 'excessive, redundant or otherwise unnecessary.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Hensley*, 461 U.S. at 434) *quoted in Brown v. Patelco Credit Union*, No. 09 C 5393, 2011 WL 4375865, at *2 (N.D. Ill. Sept. 20, 2011). A court "may adjust the fee award upward or downward, depending on a variety of factors," *Brown*, 2011 WL 4375865, at *2, including the time and labor required, the novelty and difficulty of the issues, the legal skill required, reputation of the attorneys, and awards in similar cases. See *Hensley*, 461 U.S. at 430 n.3.

"A request for attorney's fees should not result in a second major litigation." *Id.* at 437. However, in awarding fees, courts will not exclude fees incurred by a party in negotiating and litigating their claim to attorney's fees. *Holmstrom v. Metropolitan Life Ins. Co.*, No. 07 C 6044, 2011 WL 2149353, at *8 (N.D. Ill. May 31, 2011). "The basic public policy underlying § 1132(g) of the Act, as expressed by the

3

Senate Labor Committee, is to 'discourage delinquencies and simplify delinquency collection' with the intent of 'promoting the prompt payment of contributions and assisting plans in recovering the costs incurred in connection with delinquencies.' *Iron Workers Mid-America Pension Fund v. Imperial Glass Structures, Inc.*, No. 92 C 6380, 1993 WL 372203, at *3 (N.D. Ill. Sept. 21, 1993) (quoting Staff of Senate Committee on Labor and Human Resources, 96th Cong. 2d Sess. S. 1076, the Multi-employer Pension Plan Amendments of 1980, Summary and Analysis of Consideration (Comm. Print 1980) at pp. 43-44). Thus, "an award of attorney's fees incurred in litigating fees would only promote the underlying public policy and intent of § 1132(g) of the Act." *Id.* In non-ERISA actions, fees incurred in time spent litigating claims to fees have commonly been granted as well. *See, e.g., Bond v. Stanton*, 630 F.2d 1231, 1235 (7th Cir. 1980) (awarding fees incurred in time spent litigating fees in an action arising under 42 U.S.C. § 1988).

Here, Plaintiff does not contest Defendant's hourly rates, and therefore the Court is primarily concerned with the amount of time that Defendant claims it spent on each billable task to determine the reasonableness of the hours reported. Defendant maintains that the supplemental fees sought are reasonable and fully compensable; Plaintiff argues that the hours submitted by Defendant are untimely sought, based on claims upon which Defendant did not prevail, based upon activity upon which Plaintiff had no control, and/or excessive.

4

### A. Timeliness

Plaintiff argues that a substantial portion of the fees that Defendant is currently seeking–including the hours Defendant spent preparing its initial fee petition (and accompanying memoranda), and complying with Local Rule 54.3–could have been, but was not, sought in Defendant's initial fee petition filed on December 27, 2010 or Defendant's revised billing statement filed on April 8, 2011. Plaintiff claims that Defendant's failure to include the hours in the initial fee petition or revised billing statement yields the conclusion that fees for those hours should be denied.

Local Rule 54.3 defines "fee motion" as "a motion, complaint or any other pleading seeking only an award of attorney's fees and related nontaxable expenses." L.R. 54.3(a)(1). In terms of timing, the rule states that "[u]nless the court's order includes a different schedule for such filing, the [fee] motion shall be filed in accordance with the provisions of this rule and shall be filed and served no later than 91 days after the entry of the judgment or settlement agreement on which the motion is founded." L.R. 54.3(b). Additionally, the rule provides that "[t]he movant shall provide the respondent with [time and work records] within 21 days of the judgment or settlement agreement upon which the motion is based." L.R. 54.3(d)(4). In its first motion for attorney's fees [Doc. No. 73], Defendant treated the Court's entry of summary judgment as the triggering event or the "entry of the judgment . . . on which the motion is founded." This is understandable, but it required that the motion establishing that Defendant was entitled to fees and the motion explaining

precisely what fees were due be one and the same.

Ideally, in cases like this one where the "judgment" does not automatically entitle one party to fees, the party seeking such fees should move to establish that it is entitled to them after the entry of the relevant judgment. Then, the order granting that motion serves as the triggering event upon which the "fee motion" contemplated by Local Rule 54.3 is based. Had Defendant taken this approach, the content of its fee motion would have been more clerical than substantive, the length of its memoranda quite short and the work taken to prepare it quite limited. Furthermore, it would have been simple for Defendant to include the hours spent on the motion establishing that it was entitled to fees (and the motion's accompanying memoranda) in the materials Defendant provided to Plaintiff during the negotiations required by Local Rule 54.3(d). As it happened, however, Defendant's conflation of the two motions resulted in a rather lengthy and substantive motion that required a significant number of hours of work and Defendant's arguably hypertechnical compliance with Local Rule 54.3(d) kept Defendant from submitting hours that it had incurred after August 23, 2010.[3]

---

[3] Even if one followed the "ideal" route, a party could determine that strict compliance with Local Rule 54.3(d) prevents the submission of hours spent preparing the fee motion. However if the fee motion is a typical fee motion, the time required to prepare it should be minimal. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 411 (7th Cir. 1999) (noting that "1.6 hours billed to the preparation for an award of attorney's fees was reasonable in light of the approximately 140 hours of time the attorneys spent litigating the merits of the case."). Accordingly, in their Local Rule 54.3 negotiations, reasonable parties should be able to account for this time even if it includes work that takes place *after* the judgment on which the motion is founded. If the parties are not so reasonable, they may seek instruction from the Court. It is worth nothing that, for the most part, the requirements of Local Rule 54.3(d) did not apply to the instant motion as the Court waived

Defendant's approach, followed to its logical end, all but guarantees that "litigation will be like a nest of Chinese boxes." *Muscare v. Quinn*, 680 F.2d 42, 44 (7th Cir. 1982). "The outside box is the litigation of the [merits]. Within it is the litigation over the fees incurred in the litigation over the merits. . . . Within the initial fee litigation will be another litigation . . . over the attorneys' fees incurred by [the party] in the initial fee litigation. And so on without necessary end." *Id.* That being said, the *Muscare* court did not hold that requests such as Defendant's are *per se* improper; the court merely explained that "the district court had discretion to deny the plaintiff's second fee request." *Id.* at 45. In these situations, the court's attention should be directed "to the question of the reasonableness of a second award in light of all the circumstances of the case." *Id.* at 44. Plaintiff provides no compelling reason as to why Defendant's approach was especially harmful in this case, and Defendant was forthright about its approach from the time it filed its first motion for fees: "Defendant also seeks an additional award of attorney's fees and costs incurred after August 23, 2010 on the motion for fees and Rule 11 motion, support for which will be submitted in a supplemental motion if the Court grants Defendant's motions." (Def.'s Mot. Atty's Fees & Costs, p. 2.) Plaintiff made no objection, and the Court followed Defendant's lead as well.

Additionally, Defendant has made clear that it does not intend to seek additional fees for the amount of time it spent replying to Plaintiff's response to the

---

compliance with Local Rule 54.3(d) in its July 12, 2011 order.

instant motion; such a stance indicates to the Court that Defendant is drawing a reasonable line in the sand and is attempting to arrest the "Chinese box" problem at its present iteration. Finally, while Defendant's approach might present a unique harm in many cases–*i.e.*, the needless extension of litigation–that is not the case here. Even had its approach mirrored the Court's suggested route, Defendant could still have justifiably moved for fees based upon the hours it incurred enforcing the initial fee award. The claim for fees would be lower (though the earlier fee award might have been higher), but a version of the instant motion would be before the Court nonetheless. The Defendant's segmented approach to fees in this case is certainly awkward, but denial of Defendant's motion on grounds of timeliness is improper.

**B.** **<u>Success on Claims</u>**

Plaintiff argues that Defendant's supplemental fee petition seeks attorney's fees on claims on which Defendant did not prevail. Specifically, Plaintiff maintains that the instant motion seeks fees for 94.73 hours of work associated with Defendant's unsuccessful motions for sanctions pursuant to Rule 11 and Rule 37. Plaintiff is mistaken. Defendant is correct in pointing out that Plaintiff is relying on the billing statements Defendant sent to him on May 31, 2011 as part of the Local Rule 54.3 process and not the billing statements that Defendant filed for purposes of this motion. The "operational" billing statements differ from the May 31, 2011 billing statements in two ways: (1) they add fees incurred after May 31, 2011; and (2) they remove $29,146.25 in fees Defendant incurred litigating its unsuccessful

8

Rule 11 and failure to comply motions.

Plaintiff also argues that Defendant did not prevail in its motion to amend [Doc. No. 96]. Plaintiff is mistaken. The Court's April 18, 2011 order held that the Court would "not entertain a second fee petition at this late stage." (April 18, 2011 minute order.) Defendant then moved to amend the Court's order. [Doc. No. 96.] The Court granted Defendant's motion and held that it would allow the Defendant to seek supplemental fees. [Doc. No. 98.] The supplemental fee petition does not include any fees incurred litigating issues on which Defendant did not prevail.

## C. **Responsibility**

Plaintiff claims that he should not be responsible for fees Defendant incurred litigating issues over which he had no control or that were due to Defendant's neglect. Defendant maintains that it is not required to show that Plaintiff directly caused Defendant to incur fees to receive compensation for those fees. Both parties' arguments have some merit, but it is easier to evaluate the parties' positions in context.

### 1. Defendant's motion to amend

As is mentioned above, the Court's April 18, 2011 order held that the Court would "not entertain a second fee petition at this late stage." (April 18, 2011 minute order.) Defendant then filed a motion to amend that order, [Doc. No. 96] and was successful. [Doc. No. 98.] Plaintiff initiated a lawsuit that lacked substantial justification. As is the case in all lawsuits, it was very likely that Defendant would perform some work in response to an adverse holding of the Court. Plaintiff cannot

9

avoid all responsibility for the fees incurred performing such work simply because he was not the direct cause of it. At some point, of course, the substance or amount of a party's work in response to a Court order may become unreasonable, but the substance of Defendant's motion to amend was not unreasonable, and the amount of time Defendant spent working on it will be evaluated in Section D, *infra*.

  2. <u>responding to Plaintiff's motion to quash citation</u>

Plaintiff argues that Defendant's motion to amend the court's April 18, 2011 order left Plaintiff no choice but to file a motion challenging the finality of that order. This argument lacks merit. Even though Defendant used the wrong vehicle to move for reconsideration of the Court's order, the Court's granting of Defendant's motion to amend did not affect the finality of the order. Plaintiff was not forced to move to quash the citation, and is responsible for the reasonable fees Defendant incurred in responding to Plaintiff's motion to quash.

  3. <u>responding to Plaintiff's motion to bar</u>

Plaintiff argues that since Defendant did not purchase and send him a transcript of the May 10, 2011 hearing to demonstrate that the Local Rule 54.3 process had been reset, then Plaintiff is not responsible for the time Defendant spent responding to Plaintiff's motion. As Defendant explains, it is not responsible for ensuring the accuracy of the facts underlying Plaintiff's motion. Plaintiff could have accepted the word of Defendant's attorney who told him about what had happened during the May 10, 2011 hearing, and Plaintiff could have purchased a

transcript of the hearing himself. Instead, Plaintiff litigated the matter with incomplete information and lost. Plaintiff is now responsible for the reasonable fees Defendant incurred responding to Plaintiff's motion to bar.

4. Defendant's revised billing statement

The Court's March 28, 2011 order commanded Defendant to file a revised billing statement. Mem. Op. & Order [Doc. No. 90, p. 31]. Defendant now seeks fees based on the time it spent preparing the revised billing statement. Plaintiff argues that the only reason Defendant was ordered to prepare a revised billing statement was because it overreached in the first place. The Court agrees. Although Plaintiff need not have been the direct cause of the incursion of fees for Defendant to receive compensation for them, it is not the case that any of the work performed by Defendant is compensable. Here, the revision was ordered because of the excessiveness of Defendant's initial fee request. It cannot be that Defendant may recoup fees it incurred preparing a fee petition that overreached *and* preparing the billing statement that repaired the overreaching.[4] In cutting Defendant's excessive and duplicative fees, the Court did not intend to provide Defendant with an avenue to more fees. Plaintiff is not responsible for the fees Defendant incurred revising its billing statement.

---

[4] Defendant's logic might actually reward the preparation of invalid billing statements or fee requests in some circumstances. Imagine a scenario where the court dutifully evaluates a party's billing statement and finds that 4.25 hours of work (billed at $300 per hour) are duplicative. The court orders a revised billing statement and the party requests 6 hours in fees at $300 per hour based on its work revising the billing statement. If the fees are rewarded, it is as if the party has made $525 by including duplicative entries in its initial billing statement, an unacceptable result.

**D.     Excessiveness**

Plaintiff argues that the supplemental petition should be denied in its entirety based upon outrageous unreasonability; alternatively, Plaintiff argues that the amount of time Defendant spent on most of its tasks is excessive. Plaintiff's lead argument is not compelling. The "[t]otal denial of requested fees . . . is a stringent sanction, to be reserved for only the most severe of situations, and appropriately invoked only in very limited circumstances." *Jordan v. United States Dept. of Justice*, 691 F.2d 514, 518 (D.C. Cir. 1982) *quoted in Zabkowicz v. West Bend Co.*, 789 F.2d 540, 550 (7th Cir. 1986). The refusal of a fee award "is an appropriate sanction for requesting an award that is not merely excessive, but so exorbitant as to constitute an abuse of the process of the court asked to make the award." *Budget Rent-A-Car System, Inc. v. Consol. Equity LLC*, 428 F.3d 717, 718 (7th Cir. 2005). This is not a case where Defendant's request constitutes an abuse of the process of this Court, and Plaintiff fails to explain how any of the individual requests Defendant has made are outrageously excessive given the work that has been performed.

Plaintiff's argument in the alternative is more persuasive. After determining a reasonable rate, "a court must then look to the reasonableness of the hours expended on the litigation." *Torgerson v. Arrow Fin. Serv.*, No. 06 C 6032, 2007 WL 1941752, at *2 (N.D. Ill. June 29, 2007). While the Court had some trouble arriving at the same figures as Defendant, the Court finds that the hours claimed by Defendant in the instant motion are accurate in that they reasonably reflect the

12

hours recorded in Defendant's billing statements. That being said, some of the hours are excessive, redundant or otherwise unnecessary and will be excluded. *See Small*, 264 F.3d at 708.

1. the first fee petition

The Court recognizes Defendant's efforts in complying with Local Rule 54.3, compelling the production of settlement documents, drafting its motion for fees and its accompanying memoranda and understands that Plaintiff's obstinance likely increased the number of hours Defendant spent working on these tasks; however, 159.55 hours[5] is unreasonable. Defendant explains that the Local Rule 54.3 process involved assembling and revising bills, trying to work with opposing counsel to identify objections, and responding to opposing counsel's objections. The assembly and revision of bills was required for Defendant's fee petition; the hours spent preparing the billing statements should not be counted twice.[6] Similarly, the work done in order to respond to opposing counsel's objections and prepare the joint statement was, to a significant extent, required for the preparation of Defendant's

---

[5] This number includes 33.9 hours complying with Local Rule 54.3 for Defendant's initial fee petition, 8.6 hours spent attempting to secure Plaintiff's compliance with the Court's orders concerning the production of settlement agreements, 73.4 hours spent assembling the initial fee petition, and 43.65 hours spent replying to Plaintiff's response to the initial fee petition.

[6] The Court is not suggesting that Defendant did double these hours; instead the point is that the Defendant's explanation for the number of hours spent on various tasks does not justify the number of hours claimed.

13

memorandum of law in support of its first motion for fees. Additionally, the billing statements suggest that the time spent actually working with opposing counsel was very limited. As such, the Court finds that Defendant's could have reasonably spent no more than eight hours complying with Local Rule 54.3 for its first fee petition.

Defendant explains that the Court should award attorney's fees for time spent attempting to secure Plaintiff's compliance with the Court's orders concerning the production of settlement agreements. According to Defendant's motion, this work included asking Plaintiff to provide the agreements on four occasions, and filing a motion to compel. The time spent asking Plaintiff to produce the agreements could not reasonably amount to more than one hour's worth of time. The motion to compel also served as a motion for instructions and was partially denied. The content of the motion amounted to three pages and merely explained to the Court that Defendant had asked Plaintiff to produce the settlement agreements; in other words, the motion was very short, very simple and could not have reasonably taken Defendant more than two hours.

The assembly of Defendant's fee petition obviously required a significant amount of work, but 73.4 hours is excessive. Presumably, drafting the memorandum of law in support of the motion for fees is where the bulk of this time was spent. The memorandum is of moderate length, but the content is not at all complex: the issues in it are neither unique nor novel. A reasonable amount of time for the assembly of the first fee petition is twenty hours.

Defendant requests fees for the 43.65 hours it spent replying to Plaintiff's

14

response to the first motion for fees. This amount is excessive as well. The reply repeats much of the information laid out in Defendant's initial memorandum in support of its motion for fees, it is shorter in length, and while some of the issues are arguably new, they are straightforward and relatively simple. Additionally, almost three of the reply's thirteen pages are dedicated to an issue that Defendants claimed was irrelevant. Billing for more than eight hours on such a memorandum would be unreasonable.

    2.    <u>the motion to amend</u>

Defendant maintains that the Court should issue a fee award that includes fees for the 28.15 hours Defendant spent preparing and arguing its motion to amend the Court's April 18, 2011 order. This amount is also excessive. The time spent actually arguing the motion (and waiting to argue in court, and even traveling to and from court) was not more than one hour. The motion itself was only eight pages, nearly four of which merely recounted the events that had led to the Court's April 18, 2011 order. The remainder of the motion arguably included some content that was novel, but it was not complicated. A reasonable amount of time for the preparation and argument on Defendant's motion to amend is four hours.

    3.    <u>enforcement of the first fee award</u>

Defendant requests fees based on the work it did attempting to collect the initial fee award. Defendant explains that it spent 19.8 hours researching Illinois Fraudulent Transfer Act, investigating Plaintiff's assets and transfers of assets, and preparing for and initiating post-judgment proceedings, and that it spent 27.1 hours

15

responding to Plaintiff's motion to quash the citation to discover assets. Both amounts are excessive. Defendant's research and investigation should not have taken more than five hours, and the "preparation and initiation of post-judgment proceedings," so far as the Court can tell, consists of the issuance of a citation to discover assets, the work in support of which might take one hour. Defendant's six-page response to Plaintiff's motion to quash the citation did require Defendant to parse federal and state law on the issue of judgment finality, but little research and analysis were required. The work spent preparing the response and appearing in court should have been no more than six hours.

4.   <u>responding to the motion to bar</u>

Defendant requests fees based on the 10.4 hours it spent responding to Plaintiff's motion to bar. The amount is excessive. The response is three pages and the sur-reply another one page, and the briefs simply explain that the Court reset the Local Rule 54.3 process on May 10, 2011. The work spent responding the Plaintiff's motion to bar could not have reasonably exceeded two hours.

5.   <u>the second fee petition</u>

Defendant contends that the Court should award it 12.75 hours for complying with Local Rule 54.3 for its supplemental fee petition, and 56.9 hours for work spent preparing the motion for supplemental attorney's fees and its accompanying memorandum of law. These amounts are excessive. Assembling and revising billing statements, preparing a statement concerning the requested fees and sending those documents to Plaintiff should not have taken more than four hours. For its motion

and supporting memorandum, Defendant was obligated to present evidence reflecting the fees it has incurred, but the bulk of the memorandum consists of Defendant recounting what its counsel has spent its time doing since August 23, 2010, an annoying task perhaps, but not a difficult one. The work spent preparing the instant motion and its accompanying memorandum could not have reasonably exceeded twelve hours.

# CONCLUSION

For the reasons stated, Defendant's Motion for Supplemental Attorney's Fees and Costs [Doc. No. 121] is granted. The amount of fees will be determined upon the filing of Defendant's revised billing statement. The statement shall be filed within fourteen (14) days of this Order and shall be consistent with this Order. Specifically, in its revisions, the amount of time spent on the aforementioned tasks is not to exceed seventy-three (73) hours. This includes eight (8) hours for compliance with Local Rule 54.3 for the first fee petition; three (3) hours for seeking Plaintiff's compliance with Court orders; twenty (20) hours for the preparation of the first motion for attorney's fees; eight (8) hours for the reply brief; four (4) hours on the motion to amend; six (6) hours for Defendant's collection efforts; six (6) hours for responding to the motion to quash; two (2) hours for responding to the motion to bar; four (4) hours for compliance with Local Rule 54.3 for the second fee petition; and twelve (12) hours for preparing the instant motion. As to each task, the individual who carried the laboring oar is the attorney whose time is compensable. Defendant is also entitled to costs in the amount of $1,080.18.

**SO ORDERED.**                                    **ENTERED:**

                                                                                */s/ Maria Valdez*

**DATE: January 24, 2011**                      _____
                                                             **HON. MARIA VALDEZ**
                                                             **United States Magistrate Judge**